# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

CONNIE WILSON,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

No. C05-2064

**ORDER**

---

This matter comes before the court pursuant to Plaintiff Connie Wilson's February 8, 2006 motion to amend/correct the record (docket number 11). The plaintiff's motion to amend/correct is denied.

The plaintiff, Connie Wilson, filed a Complaint with this court on August 22, 2005, seeking reversal of the Administrative Law Judge's (ALJ) decision denying social security benefits. At the hearing on disability benefits held before the ALJ on July 20, 2004, the ALJ granted the plaintiff's request for the record to remain open for receipt of additional medical records and evaluations concerning the plaintiff's ability to perform work. Specifically, the ALJ stated:

> [Plaintiff's counsel], I am going to hold the record open until you get the other medical records. It would really be helpful if you could get some kind of functional assessment from any of those treating doctors, especially the cardiologist to see whether or not [the plaintiff] does have the stamina to work an eight-hour day in view of all her medical problems. . . . I think you should try to get me those records as soon as possible and try to get an assessment from the doctor as soon as possible.

(Tr. 1125-26). On July 26, 2004, counsel for the plaintiff sent medical records to the ALJ with a cover letter "indicating that the treating physician's assessment had not yet been received and would be sent as soon as it was received." These medical records were made part of the record, and the record was closed without notice to the plaintiff or her counsel on August 16, 2004. Counsel for the plaintiff sent an evaluation from one of the plaintiff's treating physicians, Dr. Jack Stapleton, to the ALJ on August 17, 2004, accompanied by a cover letter, which stated in relevant part:

> Please find enclosed additional evidence which the [plaintiff] would like to be submitted in the record. I understand that the record has been left open pursuant to my request at the hearing. This is an assessment from Jack Stapleton, M.D., who I believe is [the plaintiff's] primary physician at U of IA Hospitals and Clinics. I was not able to get a response to my request for the assessment from one of the cardiologists there. I have no further evidence to submit on Ms. Wilson's behalf and we consent to the closure of the record.

While preparing her brief in support of her Complaint in this case, counsel for the plaintiff realized for the first time that Dr. Stapleton's assessment had not become part of the record and that, accordingly, it had not been considered by the ALJ when she made her determination that the plaintiff is not disabled. The plaintiff argues that Dr. Stapleton's assessment is "extremely relevant" to this case and "its exclusion would unduly prejudice her case." The plaintiff has requested relief as follows:

> there are several other grounds [the plaintiff] intends to pursue as grounds for reversal and therefore is not requesting a remand for the ALJ to consider this exhibit at this time. Rather, in the interest of judicial economy and avoidance of further delay for herself, the [plaintiff] requests the court amend the record to include this proposed exhibit. In the alternative she requests the [c]ourt consider the other merits of her appeal and if the [c]ourt cannot reverse for payment based on the record as it stands, remand for further development at that time.

The plaintiff's motion is denied. As to the plaintiff's first request, that the court "amend the record to include" Dr. Stapleton's assessment, the court notes that the ALJ made her disability determination based on the record she had before her, which did not include Dr. Stapleton's assessment. Accordingly, it would be improper for the court to consider Dr. Stapleton's assessment and rely on it in making its determination as to whether the ALJ erred in finding that the plaintiff is not disabled.

Concerning the plaintiff's second, or "alternative" request, the court notes that the plaintiff specifically states that she is not requesting a sentence six remand "at this time."[1] Rather, the plaintiff is requesting that the court first determine whether the ALJ's disability determination should or should not be affirmed, and only if the court determines that the ALJ's decision should be affirmed, the court should remand for the ALJ to consider Dr. Stapleton's assessment. The plaintiff cites no authority for this request, and it is denied. If the plaintiff believes that Dr. Stapleton's letter is not merely cumulative but rather constitutes "new and material evidence," that there is good cause for it not having been available at the administrative hearing, and if the plaintiff wishes for the assessment

---

[1] "Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to section six." Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing Melkonyan v. Sullivan, 501 U.S. 89, 98-99 (1991)). A sentence four remand is proper whenever the district court makes a substantive ruling concerning the "correctness of a decision of the Commissioner and remands the case in accordance with such a ruling." Buckner, supra, at 1010 (citing Melkonyan, supra, at 98). Sentence six "authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings." Id. (citing 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 297 (1993); Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993)). A sentence four remand, as opposed to a sentence six remand, rules on the correctness of the administrative proceeding. Id. (citing Melkonyan, supra, at 98).

to be considered in the disability determination, the appropriate course of action would be to move for a remand pursuant to sentence six, 42 U.S.C. § 405(g).

Upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend the record to include Dr. Stapleton's assessment (docket number 11) is denied.

March 1, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT